# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

SCARLET LEONE,
an individual,

                                 Case No.:

     Plaintiff,

v.

MIDLAND FUNDING LLC,
a foreign limited liability company,
TRANS UNION, LLC,
a foreign limited liability company,
and EXPERIAN INFORMATION
SOLUTIONS, INC., a foreign for-profit
Corporation,

     Defendants.

_____/

## COMPLAINT

**COMES NOW**, Plaintiff, SCARLET LEONE (hereinafter, "Plaintiff"),

by and through the undersigned counsel, and hereby files this Complaint

against Defendants, MIDLAND FUNDING LLC (hereinafter, "Midland"),

TRANS UNION, LLC (hereinafter, "Transunion"), and EXPERIAN

INFORMATION SOLUTIONS, INC. (hereinafter, "Experian") (hereinafter

collectively, "Defendants").  In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1

1.     This is an action brought by Plaintiff, an individual consumer, for damages for Midland's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") wherein Midland incorrectly credit-reported and subsequently verified incorrect reporting concerning a collection account on Plaintiff's consumer credit reports and consumer credit files as maintained by Transunion and Experian.

2.     More specifically, despite Plaintiff disputing the validity of the the account and asserting that Plaintiff no longer owed the account, Defendants continued to report the account as owed by Plaintiff, in violation of the FCRA.

3.     Similarly, this is an action brought by an individual consumer for damages for Transunion and Experian's violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") wherein Transunion and Experian failed to establish, maintain, and follow reasonable procedures to assure maximum possible accuracy in the preparation of credit reports and credit files published by Transunion and Experian—with respect to the account furnished by Midland—following Plaintiff's disputes.

4.     More specifically, Transunion and Experian inaccurately, incompletely, and misleadingly credit reported the tradeline account furnished by Midland as owed by Plaintiff on Plaintiff's consumer credit reports and in Plaintiff's consumer credit files as maintained by Transunion and Experian despite Plaintiff advising Defendants that she no longer owed on the account.

## **JURISDICTION, VENUE & PARTIES**

5.     Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681 *et seq*.

6.     Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District.

7.     Venue is proper in this District as the acts and transactions described herein originated and occurred in this District.

8.     At all material times herein, Plaintiff is a natural person residing in Collier County, Florida.

9.     At all material times herein, Midland Funding LLC is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located 350 Camino De La Reina, Suite

300, San Diego, CA 92108.

10.    At all material times herein, Transunion is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

11.    At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

## FCRA STATUTORY STRUCTURE

12.    Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

13.    Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates.  *Id.* at § e(b) (emphasis added).

14.    Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute.  *Id.* at § i(a).

15.    Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer.  *Id.* at § i(a)(4).

16.    Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation.  *Id.* at § i(a)(5).

17.    Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the

completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis. *Id.* at § s-2(b).

18.    Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

19.    Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is

6

liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## GENERAL ALLEGATIONS

20.    At all material times herein, Plaintiff is a "consumer" as defined by the FCRA, Section 1681a(c) because he is an individual.

21.    At all material times herein, Defendants credit report information concerning a collection account furnished by Midland with an account number -30740**** (hereinafter, "Midland Account" or "Account" or "Alleged Debt").

22.    At all material times herein, Midland is a "person" that furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

23.    At all material times herein, Experian is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.  Experian disburses such consumer reports to third parties under contract for monetary compensation.

24.     At all material times herein, Transunion is a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.  Transunion disburses such consumer reports to third parties under contract for monetary compensation.

25.     At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

26.     All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

27.     On October 23, 2016, Plaintiff filed for Chapter 7 Bankruptcy in the Middle District of Florida, Tampa Division, Case No. 8:16-bk-09075 MGW.

28.     It seems on October 21, 2016, this Account was assigned to Midland for collection purposes and as such, Plaintiff was unaware of this Account before filing her bankruptcy.

29.   On February 1, 2017, Plaintiff received a Discharge Order from the Bankruptcy Court.

30.   As such, even though the Account was not included in Plaintiff's Petition, she is entitled to a discharge of the Account, and thus, does not owe this money to Midland.

<u>**Plaintiff's Disputes and Results**</u>

31.   In August 2021, Plaintiff obtained her Experian and Transunion credit reports.

32.   On or about September 1, 2021, Plaintiff sent a dispute letter to Experian and Transunion, with the assistance of her attorney, disputing Defendants' reporting of the Account (hereinafter, "Plaintiff's First Dispute Letter"). A true and correct copy of Plaintiff's First Dispute Letter is attached as **Exhibit A.**

33.   Plaintiff's First Dispute Letter advised Defendants that the Account was no longer owed by Plaintiff and should therefore be removed from Plaintiff's credit reports and credit file.

34.   Experian and Transunion received Plaintiff's First Dispute Letter.

35.   On or about October 2, 2021, Transunion issued a written

response to Plaintiff that took the incorrect position that the Account was still owed by Plaintiff.

36.    On or about October 27, 2021, Plaintiff accessed her Experian report online since she had not received a response to her First Dispute.

37.    Experian verified the Account as valid and owed by Plaintiff in response to Plaintiff's First Dispute.

38.    On or about November 2, 2021, Plaintiff sent a second dispute letter to Experian and Transunion, with the assistance of her attorney, disputing Defendants' continued reporting of the Account (hereinafter, "Plaintiff's Second Dispute Letter").  A true and correct copy of Plaintiff's First Dispute Letter is attached as **Exhibit B.**

39.    Within Plaintiff's Second Dispute Letter, Plaintiff included her Chapter 7 Bankruptcy Petition and Discharge.

40.    Transunion and Experian received Plaintiff's Second Dispute Letter.

41.    Transunion and Experian verified the Account as owed in response to Plaintiff's Second Dispute Letter.

42.    Plaintiff has retained Undersigned Counsel for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay her

attorneys a reasonable fee for their services.

43.    Additionally, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, loss of sleep, and confusion, believing that despite Plaintiff's dispute efforts, Plaintiff must endure the erroneous and inaccurate reporting.

44.    Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that she would continue to be evaluated for credit upon the erroneous and incorrect reporting and that Plaintiff would instead pay higher interest rates in the event she could obtain financing.  Plaintiff suffered additional actual damages in the form of damage to her reputation, and upon information and belief—higher credit costs, and other additional costs and fees.

45.    The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendants.

## COUNT ONE:
## FAIR CREDIT REPORTING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)
### (As to Midland Only)

Plaintiffs re-allege paragraphs one (1) through forty-five (45) as if fully restated herein and further states as follows:

46.     Midland is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's disputes, failing to review all relevant information regarding the same, and failing to request that Experian and TransUnion delete the Account from Plaintiff's credit reports and credit file after re-investigating Plaintiff's repeated disputes.

47.     As described herein, Plaintiff does not owe the Debt because it was incurred before she filed for Ch. 7 Bankruptcy and obtained a Discharge.

48.     Despite Midland receiving notice of Plaintiff's disputes from Plaintiff, Experian and TransUnion—including the information and documents referenced in the above paragraph—Midland willfully and/or negligently failed to request that Experian and TransUnion delete the tradeline associated with the Account and continued to report derogatory, late payment information to Experian and TransUnion including significant balances due, and as significantly past-due.

49.    Midland's re-investigations were not conducted in good faith.

50.    Midland's re-investigations were not conducted reasonably.

51.    Midland's re-investigations were not conducted using all information and documents reasonably available to Midland.

52.    As a result of Midland's conduct, actions, and inactions, Plaintiff suffered damage to   her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

53.    Midland's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

54.    Midland's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and

punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
<u>**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**</u>
**(As to Transunion and Experian Only)**

Plaintiff re-alleges paragraphs one (1) through forty-five (45) as if fully restated herein and further states as follows:

55.     Experian and TransUnion are each subject to, and each violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

56.     Experian and TransUnion willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports regarding the Account.

57.     Specifically, despite Plaintiff advising Experian and TransUnion that Plaintiff were did not owe the Account—Experian and TransUnion each continued to report the Account with a balance due, with a balance past-due,

resulting in the Account being reported as a derogatory, negative, or adverse account in Plaintiff's credit reports and credit files.

58.     Further, Experian and TransUnion willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when re-investigating Plaintiff's disputes of the above-referenced inaccuracies contained in her Experian and TransUnion credit reports and credit file.

59.     Such reporting of the Account is false and evidences Experian's and TransUnion's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

60.     As a result of Experian's and TransUnion's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, were deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being

reported as a derogatory, negative, or adverse tradeline account.

61.    Experian's and TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

62.    Experian's and TransUnion's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(1)**
**(As to Experian and Transunion Only)**

Plaintiff re-alleges paragraphs one (1) through forty-five (45) as if fully restated herein and further states as follows:

63.    Experian and TransUnion are each subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports

16

and credit files.

64.     Specifically, Experian and TransUnion each willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's disputes, as described herein.

65.     Experian and TransUnion did not request any documents from Midland corroborating information furnished and verified by Midland to Experian and TransUnion regarding Plaintiff and the Account in response to any of Plaintiff's Disputes.

66.     As such, Experian's and TransUnion's re-investigations were not conducted in such a way as to assure whether information regarding Plaintiff and the Account was inaccurate and each failed to subsequently update and remove the inaccurate information in Plaintiff's credit reports and credit files.

67.     Such reporting is false and evidences Experian's and TransUnion's failure to conduct reasonable re-investigations of Plaintiff's repeated disputes.

68.     Experian's and TransUnion's reinvestigations of Plaintiff's disputes were not conducted reasonably.

69.     Experian's and TransUnion's reinvestigations merely copied

and relied upon the inaccurate Account information conveyed by Midland.

70.     Experian's and TransUnion's reinvestigations of Plaintiff's disputes were not conducted in good faith.

71.     Experian's and TransUnion's reinvestigation procedures are unreasonable.

72.     Experian' and TransUnion's re-investigations of Plaintiff's disputes were not conducted using all information reasonably available to Experian and TransUnion.

73.     Experian's and TransUnion's reinvestigations were *per se* deficient by reason of these failures in Experian's and TransUnion's reinvestigations of Plaintiff's disputes and the Account.

74.     As a result of Experian's and TransUnion's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage her credit score with futile credit inquires, and was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being

18

reported as a derogatory, negative, or adverse tradeline account.

75.    Experian's and TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

76.    Experian's and TransUnion's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## COUNT FOUR:
## FAIR CREDIT REPORTING ACT –
## <u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(4)</u>
### (As to Experian and Transunion Only)

Plaintiff re-alleges paragraph one (1) through forty-five (45) as if fully restated herein and further states as follows:

77.    Experian and TransUnion are each subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's disputes, including all relevant attachments.

78.   Specifically, despite Experian and TransUnion receiving Plaintiff's Disputes—Experian and TransUnion each *continued* to report the Account with derogatory, late payment information, causing the Account to be reported as a derogatory, negative, or adverse account.

79.   Experian's and TransUnion's failure to review and consider all information received in Plaintiff's disputes was done in bad faith.

80.   As a result of Experian's and TransUnion's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

81.   Experian's and TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

82.   Experian's and TransUnion's actions in violation of 15 United

States Code, Section 1681i(a)(4), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT FIVE:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(5)**
**(As to Experian and Transunion Only)**

Plaintiff re-alleges paragraphs one (1) through forty-five (45) as if fully restated herein and further states as follows:

83.     Experian and TransUnion are each subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

84.     Specifically, despite Experian and TransUnion receiving Plaintiff's Disputes—neither Experian nor TransUnion deleted the Account from Plaintiff's credit reports and credit files.

85.     Instead, Experian and TransUnion continued to report derogatory, late payment information regarding the Account.

86.     As a result of Experian's and TransUnion's conduct, actions, and inactions, Plaintiff suffered damage to her credit reputation and credit worthiness, was deterred from making credit applications as she believed she would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage her credit score with futile credit inquires, and she was continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

87.     Experian's and TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

88.     Experian's and TransUnion's actions in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

    a.    Judgment against Defendants for maximum statutory damages for violations of the FCRA;

    b.    Actual damages in an amount to be determined at trial;

    c.    Compensatory damages in an amount to be determined at trial;

    d.    Punitive damages in an amount to be determined at trial;

    e.    An award of attorney's fees and costs; and

    f.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT, ISRINGHAUS & DUBBELD P.A.**

*/s/ Jon P. Dubbeld*

**Aaron M. Swift, Esq., FBN 0093088**
**Jordan T. Isringhaus, Esq., FBN 0091487**
**Jon P. Dubbeld, Esq., FBN 105869**
**Sean E. McEleney, Esq., FBN 0125561**
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 755-3676
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
jdubbeld@swift-law.com
smceleney@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*